# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT LEE MARTIN,                  Case No. 1:12-cv-281
    Plaintiff,

                                                  Weber, J.
vs                                           Litkovitz, M.J.

GARY MOHR, et al.,                   **REPORT AND**
    Defendants.                             **RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Gary Mohr, Timothy Brunsman, Shay Harris, Tom Schweitzer, Casey Barr, J.T. Hall, Lora Satterthwaite, Dan Hudson, Ben Dunn, Richard Huggins, Brian Bendel, and John Doe highway patrol investigator and John Doe dentist. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint includes ten claims. In claim one, plaintiff alleges that he was improperly placed under investigation security control status and local control disciplinary status during an ongoing investigation. (Doc. 1, Statement of Claim p. 1). Plaintiff argues that he never received a conduct report, appeared before the Rules Infraction Board, or was found guilty of anything related to the investigation. *Id.* He contends that he "should have been left under [his] original status of security control which is the proper status for inmates place in the hole under investigation." *Id.* In claim two, plaintiff further contends that he has been denied monthly and annual reviews of his security status. *Id.* at 2.

Claims three and seven pertain to the LeCI grievance process. Plaintiff alleges that he has been denied his appellate rights, as he was not provided with a written decision on his appeal of his local control status and that he has been denied full access to the inmate grievance procedure. *Id.* at 2-3, 5-6. Plaintiff notes that informal complaint and notification of grievance forms are not available to inmates in his block and that "the few times I did actually receive [notification of grievance forms] I was past the timelines for filing them." *Id.* In claim ten, plaintiff also alleges that he is being denied access to departmental policies. *Id.* at 8.

In claim four, plaintiff alleges that for the last seven months he has been forced to sleep on a piece of foam that is worn out, stained, dirty, and missing its cover. *Id.* at 3. Despite having brought the condition of the foam to defendants Harris, Dunn, and Mohr, plaintiff indicates that defendants still have failed to provide him with a regular mattress. *Id.*

Plaintiff alleges that he is being denied proper dental care in claim five. According to plaintiff, he saw a dentist in January of 2012 after reporting that he had a tooth causing him pain.

3

*Id.* at 3. The complaint indicates that the dentist informed plaintiff that the tooth was "down to the nerve and said this same tooth was suppose[d] to be fixed in 2008." *Id.* Plaintiff alleges that he was called back to see the dentist two weeks later, but that the dentist only cleaned his teeth and neglected to provide care for the ailing tooth. *Id.* at 3-4. Plaintiff contends that "[t]he dentist named John Doe for now knew I had a tooth that was down to the nerve causing me pain and knew this tooth was suppose[d] to be fixed in 2008 and has still failed to fix it along with my other teeth that need[ to be] fixed." *Id.* at 4.

In claim six, plaintiff also alleges that institutional investigators and John Doe highway patrol investigator are abusing their authority and investigative powers. *Id.* at 4. According to plaintiff, an investigation relating to the discovery of drugs and other contraband in the LeCI gymnasium has been ongoing for the last seven months. Plaintiff contends that despite another inmate having confessed to the infraction, that defendants have failed to question the confessing inmate. *Id.* at 4-5. Plaintiff claims that the investigators "are dragging this investigation out as a way to punish me when there's really little or no investigation really going on." *Id.* at 5.

In claim eight, plaintiff alleges that defendant Bendel, the LeCI mail room supervisor, is withholding his Newsweek magazine and puzzle book subscriptions from him. He contends that since September 9, 2011, his subscriptions have been withheld without any reason provided. *Id.* at 6-7.

Finally, in claim nine, plaintiff alleges that prison officials are "withholding some of my outgoing mail and possibly incoming mail without cause or notice." *Id.* at 7. Plaintiff reports that at least two letters to his family asking that they contact defendant director Mohr about plaintiff's

4

status were not delivered. Plaintiff states that "[t]he only employees who could be withholding my mails is Lt. Bendel the mail/visit room supervisor or the institutional investigators Casey Barr and J.T. Hall." *Id.*

Liberally construed, the complaint states a claim for deliberate indifference to plaintiff's serious medical needs. *See Flanory v. Bonn*, 604 F.3d 249, 253-54 (6th Cir. 2010) (holding that "a cognizable claim regarding inadequate dental care . . . is based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities") (citation and internal quotation marks omitted). Plaintiff's Eighth Amendment claim against John Doe dentist is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B). The complaint also states First Amendment claims against defendants Brian Bendel, Casey Barr, and J.T. Hall for the withholding of plaintiff's outgoing mail and magazine subscriptions. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996). These claims may also proceed.

However, plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

To the extent that plaintiff alleges a due process violation in connection with his security status, this claim should be dismissed because plaintiff fails to allege facts showing that any defendant's actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155

5

F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his security status resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 F. App'x. 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey*, 111 F.3d at 463 (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim.

To the extent that plaintiff complains about the failure of prison staff to provide him with inmate grievance forms and other deficiencies in the inmate grievance procedure at LeCI, the complaint fails to state a claim for which relief may be granted because plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Dearing v. Mahalma*, No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled

letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11-cv-362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Report and Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) ; *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.,* No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)). Accordingly, these claims must also be dismissed.

Plaintiff's claim regarding his mattress also fails to state a claim upon which relief may be granted. Plaintiff fails to set forth facts showing the allegedly deficient conditions of his confinement constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes v. Chapman,* 452 U.S. 337, 347-48 (1981). Plaintiff's allegations simply do not rise to the level of a constitutional violation. *See e.g. Wells v. Jefferson County Sheriff Dept.,* 159 F. Supp.2d 1002, 1011-1012 (S.D. Ohio 2001) ("having to sleep on a mattress on the floor or being exposed to cold temperatures simply do not rise to the level of a constitutional violation") (citations omitted); *see also Daugherty v. Timmerman-Cooper,* No. 2:10-cv-1069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) (Report and Recommendation) (collecting cases), *adopted,* 2011 WL 3206844 (S.D. Ohio July 27, 2011).

Finally, as to plaintiff's allegations regarding defendants' failure to investigate, plaintiff has also failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007);

7

*see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).

Accordingly, in sum, plaintiff's claims pertaining to his security status (Claims 1 & 2), the grievance process (Claims 3, 7, & 10), prison conditions (Claim 4), and defendants' failure to investigate (Claim 6) should be dismissed for failure to state a claim upon which relief may be granted. Having found that plaintiff has alleged sufficient facts to state a claim for deliberate indifference to serious medical needs and for withholding plaintiff's outgoing mail and magazine subscriptions, plaintiff's Eighth Amendment claim against John Doe dentist and First Amendment claims against defendants Brian Bendel, Casey Barr, and J.T. Hall are deserving of further development and may proceed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Gary Mohr, Timothy Brunsman, Shay Harris, Tom Schweitzer, Lora Satterthwaite, Dan Hudson, Ben Dunn, Richard Huggins, and John Doe highway patrol investigator should be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Brian Bendel, Casey Barr, J.T. Hall, and John Doe dentist as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel,

8

upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/1/2012

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT LEE MARTIN,　　　　　　　　　　Case No. 1:12-cv-281
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　Weber, J.
vs　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

GARY MOHR, et al.,
　　　Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).