# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT LEE MARTIN,  
    Plaintiff,

vs.

GARY MOHR, et al.,  
    Defendants.

Case No. 1:12-cv-281

Weber, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for reconsideration. (Doc. 23). Plaintiff seeks reconsideration of the Court's August 10, 2012 Order dismissing several of plaintiff's claims for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. (Doc. 22).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). The Court has carefully reviewed plaintiff's his amended complaint,[1] and the factual allegations and authorities cited therein. In this case, there is no intervening change of controlling law, nor has plaintiff submitted new evidence that cures the deficiencies identified in the May 3, 2012 Report and Recommendation (Doc. 4), was adopted in Court's August 10, 2012 Order. (Doc. 22). The Court is not aware of any need correct a clear error or to prevent manifest injustice.

---

[1] Plaintiff contends that in his objections to the Report and Recommendation issued on May 3, 2012, he "asked the court to review his Amended complaint where he better explained his claims and living conditions and provided more detail and information that wasn't provided in his original complaint." (Doc. 23, p. 2). The Court does not appear to be in receipt of any objections filed by plaintiff. Plaintiff indicates that he "doesn't know if this court received his objections or not but even without them plaintiff provided the same basic information in his motion for amended complaint." *Id.*

Plaintiff has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order is warranted. If plaintiff wishes to obtain review of the Court's Order, he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reconsider (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court