UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEE MARTIN,
    Plaintiff,

vs.

GARY MOHR, et al.,
    Defendants.

Case No. 1:12-cv-281
Weber, J.
Litkovitz, M.J.

ORDER

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff filed this lawsuit on April 6, 2012, while he was an inmate at the Lebanon Correctional Institution (LeCI). (Doc. 1). Plaintiff alleges in his amended complaint that defendants Brian Bendel, Casey Barr and J.T. Hall, the only named defendants remaining in the lawsuit, withheld his magazine subscriptions and his mail without cause in violation of his First Amendment rights while he was incarcerated at LeCI. (Doc. 17 at 7). This matter is before the Court on defendants' motion to stay discovery pending the disposition of defendants' motion for summary judgment (Doc. 29), plaintiff's memorandum in opposition (Doc. 31), and defendants' reply in support of their motion. (Doc. 33). For the reasons that follow, defendants' motion to stay discovery is granted.

Defendants moved to stay discovery on October 23, 2012, on the ground they anticipated filing a motion for summary judgment based on plaintiff's alleged failure to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §

1

1997e(a).[1] (Doc. 29). Defendants argue that a stay is warranted because plaintiff's failure to exhaust his administrative remedies is a complete bar to the litigation of his claims on the merits. Defendants contend there is good cause for issuing a stay because requiring them to participate in the discovery process when plaintiff has failed to exhaust his administrative remedies would be unduly burdensome; proceeding with discovery would be an improvident use of scarce state and judicial resources because the discovery plaintiff has requested is not germane to the exhaustion issue[2]; granting the requested stay would not impose any hardship on plaintiff because discovery may be resumed if the Court finds plaintiff did not fail to exhaust his administrative remedies; and defendants are not requesting the stay for purposes of delay.

In response, plaintiff argues that defendants have already delayed responding to his discovery requests and postponing discovery until after the filing of defendants' motion for summary judgment would allow defendants to further delay their response; plaintiff's failure to exhaust his administrative remedies has not been established; and plaintiff has shown through his allegations in the amended complaint that he was denied access to the prison grievance procedure and he filed informal complaints but received no response.

In their reply memorandum, defendants contend that their delay in responding to plaintiff's discovery requests propounded on August 20, 2012, is immaterial to whether a stay should be granted as the requested discovery does not pertain to the inmate grievance procedure. (Doc. 33 at 2). Moreover, defendants state that they have provided to plaintiff his entire grievance file for the period September 9, 2011 to the filing date of the motion for summary

---

[1] Defendants filed a motion for summary judgment shortly thereafter. (Doc. 30, filed 10/30/12).
[2] Defendants assert that plaintiff propounded interrogatories and a request for production of documents to them on or about August 20, 2012.

judgment (*Id.*, citing Doc. 30-1, Declaration of Eugene Hunyadi at ¶ 12; pp. 4-24), so that additional discovery regarding plaintiff's grievance history is not necessary.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008) (Kemp, M.J.). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.*, at *2. *See also Ohio Bell Telephone Co.*, 2008 WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (Kemp, M.J.) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay. . . ." *Id.*

The Court finds that under the circumstances presented by this case, a stay of discovery is appropriate. Defendants' motion for summary judgment raises an issue - failure to exhaust

3

administrative remedies - which, if proven by defendants, is dispositive of plaintiff's claims against defendants in this lawsuit, see *Napier,* 636 F.3d at 222, and which would be "substantially vitiated" absent a stay. See *Williams*, No. 2:10-cv-0394, 2010 WL 3522397, at *2. Plaintiff has not alleged, and the Court does not perceive, that plaintiff requires discovery in order to address the exhaustion defense raised by defendants. In any event, defendants have provided plaintiff's record of grievance filings to him, so plaintiff will not be prejudiced in his ability to respond to the motion for summary judgment if a stay is granted. In contrast to the absence of prejudice to plaintiff, to require defendants to respond to plaintiff's discovery requests at this stage of the proceedings would potentially burden defendants with unnecessary costs and work, given that the need for any discovery in this lawsuit would be eliminated by plaintiff's failure to exhaust his administrative remedies. The burden on defendants if required to respond to plaintiff's discovery requests at this juncture thus outweighs any hardship that a short delay in proceeding with discovery would impose on plaintiff.

For these reasons, defendants' motion to stay discovery pending the disposition of defendants' motion for summary judgment (Doc. 29) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 11/26/12

Karen L. Litkovitz
United States Magistrate Judge