## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT LEE MARTIN,
    Plaintiff,

    vs.

GARY MOHR, et al.,
    Defendants.

Case No. 1:12-cv-281
Weber, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility
(SOCF), brings this pro se action pursuant to 42 U.S.C. § 1983 for violations of his civil rights
that allegedly occurred while he was incarcerated at the Lebanon Correctional Institution (LeCI).
This matter is before the Court on defendants' first motion for summary judgment (Doc. 30),
which is unopposed.

### I. Background

Plaintiff was granted leave to proceed *in forma pauperis* and filed the original complaint
in this matter on April 30, 2012. (Docs. 2, 3). He named as defendants Shay Harris, Gary Mohr,
Ben Dunn, Timothy Brunsman, Lora Satterwaithe, Tom Schweitzer, Richard Huggins, Dan
Hudson, Brian Bendel, Casey Barr, J.T. Hall, a John Doe dentist, and a John Doe Highway
Patrol Investigator. (Doc. 3). On May 3, 2012, the Court issued a Report and Recommendation
liberally construing the complaint as stating a claim for relief against defendants Bendel, Barr,
and Hall under the First Amendment for the withholding of plaintiff's outgoing mail and
magazine subscriptions (Claims 8 and 9), and against the John Doe dentist under the Eighth
Amendment for deliberate indifference to plaintiff's serious medical needs (Claim 5). (Doc. 4).

The Court recommended dismissal of plaintiff's claims against the remaining defendants for failure to state a claim upon which relief could be granted.

In light of the Report and Recommendation, plaintiff sought leave to file an amended complaint on June 25, 2012. (Doc. 17). The amended complaint sets forth only four claims (Claims 1, 2, 8 and 9), each of which was asserted in the original complaint. The amended complaint fleshes out the allegations made in support of Claims 1 and 2 in the original complaint against individuals who were originally named as defendants but who have since been dismissed from the case. (*See* Doc. 22 - 8/10/12 Order adopting Report and Recommendation). The newly-added allegations do not change the essential nature of the claims asserted in the original complaint against defendants Mohr, Brunsman, Harris, Schweitzer, Satterwaithe, Hudson, Dunn, Huggins, and the John Doe Highway Patrol Investigator. Nor does the amended complaint add new claims for relief against those defendants. In addition, plaintiff indicates in the amended complaint that he is dismissing his claim for deliberate indifference to his serious medical needs asserted against the John Doe dentist in the original complaint. (Claim 5). Finally, plaintiff seeks to add Ellen Myers, Administrative Assistant to the Warden, as a defendant to Claim 2, which alleges due process violations. (Doc. 17 at 1).

Defendants Bendel, Barr and Hall filed an answer to the amended complaint on July 11, 2012. (Doc. 20). On September 10, 2012, plaintiff filed a notice of appeal from the District Judge's Order adopting the Report and Recommendation of May 3, 3012, recommending that plaintiff's claims against defendants Mohr, Brunsman, Harris, Schweitzer, Satterwaithe, Hudson, Dunn, Huggins, and the John Doe Highway Patrol Investigator be dismissed. (Doc. 24). The Court of Appeals issued a letter dated September 24, 2012, stating the case would be held in abeyance until after the District Court ruled on pending motions and jurisdiction was transferred

to the Court of Appeals. (Doc. 27). Defendants Barr, Bendel and Hall subsequently filed a

motion to stay discovery (Doc. 29) and their motion for summary judgment (Doc. 30). This

Court sent plaintiff notice of the filing of the motion for summary judgment on November 1,

2012, advising him that he could not rest upon the allegations of the complaint in response to the

motion and that summary judgment could be entered against him if he did so. (Doc. 32). The

Court subsequently entered an Order staying discovery pending disposition of the motion for

summary judgment on November 26, 2012. (Doc. 34). On February 8, 2013, the Court of

Appeals entered an Order dismissing plaintiff's appeal as an interlocutory appeal from the

district judge's order dismissing fewer than all of plaintiff's claims, over which the Court of

Appeals lacked appellate jurisdiction. (Doc. 35).

For the reasons that follow, Claims 1 and 2 of the amended complaint should be sua

sponte dismissed for failure to state a claim upon which relief may be granted, and Claims 8 and

9 should be dismissed for failure of exhaustion of administrative remedies.

**II. Claims 1 and 2 of the Amended complaint should be dismissed.**

Claims 1 and 2 of the amended complaint (Doc. 17) should be sua sponte dismissed

under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). It appears that plaintiff's amended complaint,

which alleges additional facts in support of Claims 1 and 2 of the original complaint, is intended

to circumvent the Court's dismissal of plaintiff's due process claims concerning his Local

Control and Security Control placements and denial of security status review. However, the

additional allegations do not cure any of the original complaint's deficiencies as set forth in the

May 3, 2012 Report and Recommendation because plaintiff simply has no protected liberty

interest in his placements in Local or Security Control or in his security classification. (Doc. 4 at

5-6). *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Jones v. Baker*, 155 F.3d 810, 812 (6th

Cir. 1998). *See also Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (holding that "an increase in security classification . . . does not constitute an atypical and significant hardship"); *Williams v. Vidor,* 67 F. App'x 857, 859 (6th Cir. 2003) ("The denial of parole is a collateral consequence of a prison disciplinary conviction and does not create a liberty interest."). In any event, plaintiff is precluded by the Prison Litigation Reform Act of 1995 (PLRA) from amending his complaint to avoid the sua sponte dismissal of his claims. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the [PLRA], courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Davis v. Mays*, 471 F. App'x 484, 485 (6th Cir. 2012); *Bright v. Thompson*, 467 F. App'x 462, 464 (6th Cir. 2012).[1] Therefore, it is recommended that Claims 1 and 2 of the amended complaint be dismissed for failure to state a claim upon which relief may be granted.

### III. Defendants' motion for summary judgment (Doc. 30)

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground plaintiff failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA, 42 U.S.C. § 1997e(a).

#### 1. Summary judgment standard

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of

---

[1] Ellen Myers, who was not named as a defendant in the original complaint, has never been served in this matter. Even if Myers had been served, the due process claim asserted against Myers should be dismissed for failure to state a claim for relief for the reasons stated.

the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1982). The movant may do so by showing that the non-moving party lacks evidence to support an essential element of its case. *See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89).

The movant bears the burden of demonstrating that no material facts are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party's failure to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. *Mongan v. Lykins,* No. 1:09-cv-00626, 2010 WL 2900409, at \*3 (S.D. Ohio July 21, 2010) (citing *Guarino*, 980 F.2d at 410; *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991)). Judge Spiegel in *Mongan* explained the Court's obligation when evaluating an unopposed motion for summary judgment as follows:

> [T]he Court must review carefully those portions of the submitted evidence designated by the moving party. The Court will not, however, *sua sponte* comb the record from [the non-moving party's] perspective. Instead, the Court may

5

reasonably rely on [the movant's] unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted. If such evidence supports a conclusion that there is no genuine issue of material fact, the Court should determine that [the movants] have carried their burden. . . .

*Id.* (internal quotations and citations omitted).

## 2. Defendants' arguments in support of the motion for summary judgment

Defendants Bendel, Barr and Hall contend that they are entitled to summary judgment as a matter of law because plaintiff did not exhaust the prison grievance procedure for his First Amendment claims alleging withholding of his magazine subscriptions and mail before filing this lawsuit. Defendants allege that plaintiff: (1) did not pursue a grievance regarding the withholding of his regular mail; (2) did not proceed past the first step of Ohio's three-step inmate grievance procedure on his claim for the withholding of his magazines; and (3) did not present in his grievance facts that provided defendants Barr and Hall with fair notice of the allegations against them. Defendants assert that plaintiff has not shown that the inmate grievance procedure was not reasonably available to him during the time period in issue.

### 3. PLRA exhaustion requirements

Under 42 U.S.C. § 1997e, as amended by the PLRA, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory under the PLRA. *Booth v. Churner*, 532 U.S. 731, 739 (2001); *Vandiver v. Correctional Med. Serv., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009). The PLRA mandates "proper" exhaustion, meaning a prisoner must comply with the deadlines and other critical procedural rules that govern an internal grievance process as a precondition to bringing suit in

federal court. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006); *Reed-Bey v. Pramstaller*, 603 F.3d

322, 324 (6th Cir. 2010) ("An inmate exhausts a claim by taking advantage of each step the

prison holds out for resolving the claim internally and by following the 'critical procedural rules'

of the prison's grievance process to permit prison officials to review and, if necessary, correct

the grievance 'on the merits' in the first instance.").

Failure to exhaust is an affirmative defense under the PLRA which must be established

by the defendant. *Napier v. Laurel County, Ky*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Bock*,

549 U.S. at 204; *Vandiver*, 326 F. App'x at 888). "[I]nmates are not required to specially plead

or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216.

The phrase "as are available" in the PLRA's exhaustion provision implies that if a prison

has taken action to make its administrative remedies unavailable, then a prisoner has no

obligation to pursue those remedies. *Brown v. Blackwell*, No. 2:10-cv-966, 2011 WL 63595, at

*2 (S.D. Ohio Jan. 6, 2011). A prisoner need not pursue prison remedies that are not "reasonably

available." *Id.* (citations omitted).

Inmates at institutions that are maintained by the Ohio Department of Rehabilitation and

Correction (ODRC) are bound to follow the three-step inmate grievance procedure set forth in

Ohio Admin. Code § 5120-9-31(K). (Doc. 30, Exh. A, Decl. of Eugene Hunyadi, Assistant

Chief Inspector for ODRC, ¶ 3). The inmate grievance procedure is available to all inmates,

regardless of their disciplinary status at their institution, and an inmate may seek relief regarding

any aspect of institutional life that directly and personally affects him. OAC § 5120-9-31(A),

(D); Hunyadi Decl., ¶ 3. An inmate may use only forms designated by the Chief Inspector of

ODRC to pursue a grievance, and such forms are reasonably available to inmates regardless of

their disciplinary status. *See* OAC § 5120-0-31(J); Hunyadi Decl., ¶ 4. A "kite," which is a

written communication from an inmate to a staff member for general purposes, is not approved for use as part of the grievance procedure. (Hunyadi Decl., ¶ 5).

The grievance procedure consists of three consecutive steps. OAC § 5120-9-31(K); Hunyadi Decl., ¶ 6. Step one requires the inmate to file an informal complaint with the direct supervisor of the department or staff member most directly responsible for the issue that is the subject of the complaint within 14 days of the date of the event giving rise to the grievance. OAC § 5120-9-31(K)(1); Hunyadi Decl., ¶ 6. Second, if the inmate is dissatisfied with the response, or if the informal complaint process has been waived, he may proceed to step two by filing a notification of grievance with the Institutional Inspector within 14 days from the date of the informal complaint response or waiver. OAC § 5120-9-31(K)(2); Hunyadi Decl., ¶ 7. Third, if the inmate is dissatisfied with the disposition of grievance, he may proceed to step three of the grievance process by submitting an appeal to the Office of the Chief Inspector at ODRC within 14 days of the date of the disposition of grievance. OAC § 5120-9-31(K)(3); Hunyadi Decl., ¶ 8. The Chief Inspector is to provide a written response within 30 calendar days of receiving an appeal, unless he extends the time frame for good cause and notifies the inmate. OAC § 5120-9-31(K)(3). A decision of the Chief Inspector is final and concludes the grievance process. *Id.*; Hunyadi Decl., ¶ 10.

All inmates in the custody of ODRC are given both written and oral instructions on how to use the grievance system, including instructions on how to file an appeal to the Chief Inspector's office and how to file direct grievances to that office as required by OAC § 5120-9-31(C). (Hunyadi Decl., ¶ 11).

**4. Resolution**

8

The undisputed evidence demonstrates that plaintiff failed to exhaust his available administrative remedies prior to filing his federal complaint. The only claims that remain pending in this lawsuit are plaintiff's First Amendment claims against defendants Bendel, Barr and Hall for allegedly withholding plaintiff's magazine subscriptions since September 9, 2011, and for allegedly withholding plaintiff's mail. (*See* Doc. 22). Defendants have attached plaintiff's entire grievance file for the period beginning September 9, 2011 to their summary judgment motion. (Hunyadi Decl., ¶ 12; pp. 4-24). The evidence shows that plaintiff filed ten informal complaints, three notifications of grievance, and one appeal to the Chief Inspector during that time period. (Hunyadi Decl, ¶ 13, pp. 4-24). All of the grievances were answered on the merits. (Hunyadi Decl., ¶ 14). Defendants state that of those 14 grievances, there are no grievances that mention plaintiff's regular mail being withheld; none of the grievances reference defendants Barr or Hall; and plaintiff did not proceed to step two of the grievance procedure after filing his informal complaint regarding the withholding of his magazines. (Doc. 30 at 5, citing Hunyadi Decl., ¶¶ 15-17; pp. 4-24). Plaintiff's failure to mention Barr or Hall in any grievance is not determinative of whether plaintiff adequately exhausted his administrative remedies because the primary purpose of a grievance is to alert prison officials to a problem, and the fact that a defendant was not named in the plaintiff's grievances does not mean that exhaustion was *per se* inadequate. *Bock,* 549 U.S. at 219. However, plaintiff's failure to file any grievance related to prison officials or staff withholding his mail is determinative of the exhaustion issue because plaintiff thereby failed to alert prison officials that there was a problem in this regard. Accordingly, plaintiff did not adequately exhaust his administrative remedies for his First Amendment claim based on the alleged withholding of his mail.

Plaintiff pursued a grievance related to the withholding of his magazine subscriptions by filing an informal complaint on March 11, 2012, which states in its entirety:

> I have a subscription to penny press variety puzzles and Newsweek Magazine and have not received any of these issues since I been in the hole for the past six months. I have complained about this to the mail room many times and have never received a answer on why I haven't been receiving these issues. Variety puzzles have always been aloud in the hole and Newsweek isn't an entertainment magazine and is full of only news articles so there is no reason why I shouldn't be receiving these issues. I have been receiving Newsweek for almost 12 years and variety puzzles for a few years and have been aloud to receive these issues in the hole in the past.

(Hunyadi Decl., p. 7). Plaintiff received a response to his informal complaint on the merits the following day. (*Id.*). However, according to the grievance file submitted by defendants, plaintiff did not proceed to step two of the grievance procedure by filing a notification of grievance on this matter. (Hunyadi Decl., ¶ 15). Plaintiff has produced no evidence to rebut defendants' showing that he failed to pursue the next step of the grievance procedure and thus failed to exhaust his administrative remedies for his complaint that his magazines were being wrongfully withheld. Thus, the evidence demonstrates that plaintiff did not exhaust his internal remedies for his First Amendment claim related to the withholding of his magazine subscriptions before he filed this lawsuit.

Finally, there is no evidence that shows plaintiff was denied access to the grievance process. To the contrary, the record demonstrates that plaintiff was able to file numerous grievances with respect to various issues and concerns.

Accordingly, the evidence produced by defendants in support of their motion for summary judgment establishes that plaintiff did not exhaust his administrative remedies as required under the PLRA. Plaintiff did not file a grievance related to the withholding of his mail, and he did not complete the second and third steps of the inmate grievance procedure for his

grievance pertaining to the withholding of his magazine subscriptions. Because the evidence shows that plaintiff failed to exhaust his administrative remedies for his First Amendment claims prior to bringing suit, defendants are entitled to summary judgment as a matter of law. *See Hopkins*, 84 F. App'x at 527 ("When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.").

## IT IS THEREFORE RECOMMENDED THAT:

1. Claims 1 and 2 of the amended complaint be sua sponte DISMISSED for failure to state a claim upon which relief may be granted.

2. Defendants' motion for summary judgment (Doc. 30) be GRANTED, and Claims 8 and 9 of the amended complaint be DISMISSED without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

3. This matter be TERMINATED on the docket of the Court.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/7/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT LEE MARTIN,                            Case No. 1:12-cv-281
      Plaintiff,                              Weber, J.
                                          Litkovitz, M.J.

      vs.

GARY MOHR, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Robert L Martin #366-653
SOCF
PO Box 45699
Lucasville, OH 45699

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5529

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540